EL PUEBLO *v.* DONES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda.

No. 420.—Resuelto en abril 22, 1912.

DERECHO PENAL—APELACIÓN—CUÁNDO PUEDE REVISARSE UNA RESOLUCIÓN DENE-
GATORIA DE NUEVO JUICIO.—Para que el Tribunal Supremo pueda entrar a considerar si se erró o nó por una corte de distrito al negarse a conceder un

nuevo juicio en un caso criminal, es necesario que la orden denegatoria sea apelada directamente o excepcionada en débida forma y de este modo incluída en lã apelación interpuesta contra la sentencia dictada en el mismo caso.

ID.—NATURALEZA DEL RECURSO—DEBER DEL APELANTE.—Una apelación no es una materia de derecho, sino un privilegio estatutorio, y aquel que ejercita el privilegio tiene el deber de hacerlo en la forma especificada en la ley y es el llamado a gestionar directamente todo aquello que pueda redundar en su propio beneficio.

ID.—PRESUNCIÓN DE LA CORRECCIÓN DE LOS PROCEDIMIENTOS DE UNA CORTE DE RÉCORD.—La corrección de los procedimientos de una corte de récord se presume, hasta que se demuestre afirmativamente lo contrario.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Abella Blanco.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Gerardo Dones fué acusado en 28 de octubre de 1911 por el Fiscal del Distrito de San Juan, como autor de un delito de homicidio voluntario, cometido como sigue: "El citado Gerardo Dones, allá el día 14 de octubre de 1911, en la jurisdicción de Loíza, que forma parte del Distrito Judicial de San Juan, voluntaria e ilegalmente y en un arrebato de cólera dió muerte a Enrique Santiago, disparándole un tiro con un revólver infiriéndole una herida que le produjo la muerte a los pocos momentos."

Sometido el caso a un Jurado, éste, el 19 de enero de 1912, declaró al acusado culpable, y la corte, el 23 de enero de 1912, después de haber negado una solicitud de nuevo juicio, dictó sentencia imponiendo al convicto la pena de cinco años de presidio con trabajos forzados. Contra esa sentencia se interpuso el presente recurso de apelación.

No existe pliego de excepciones, ni relación de hechos. El apelante no compareció al acto de la vista del recurso, ni presentó su alegato por escrito. La transcripción contiene copia de los siguientes documentos: Escrito de apelación, denuncia, moción de nuevo juicio, instrucciones, veredicto del jurado, fallo y sentencia, y la certificación expedida por el secretario de la corte de distrito.

En la moción para nuevo juicio se alega que la corte cometió diferentes errores, al resolver una excepción perentoria formulada por el acusado solicitando su absolución, fundado en que la acusación era incongruente con la prueba de cargo producida, y al instruir al jurado.

Dada la forma en que aparece la transcripción, no tenemos base para discutir en esta instancia las cuestiones planteadas en la moción de nuevo juicio, ya que no consta que la resolución denegatoria del nuevo juicio fuera apelada, o excepcionada debidamente e incluída de tal modo en la apelación de la sentencia. Además, no es posible juzgar si la corte de distrito erró al apreciar la prueba para resolver la excepción perentoria indicada, porque el apelante no ha presentado en esta Corte Suprema dicha prueba. Ni es posible tampoco decidir si la corte erró al instruir al jurado, porque en la transcripción sólo figuran como instrucciones las presentadas como tales por escrito por el mismo abogado del acusado para ser trasmitidas por el juez al jurado.

Parece que existieron otras instrucciones orales, que de acuerdo con la ley, debieron ser incluídas por el secretario en la transcripción del récord, y la cuestión a considerar es si debemos, de oficio, pedir la copia de dichas instrucciones para juzgar si se han cometido en ellas los errores que se señalan, o si, dado el abandono del apelante y la presunción que existe a favor de la corrección de los procedimientos de una corte de récord, hasta que se demuestre afirmativamente lo contrario (*Beaty* v. *State,* 113 Pac. Rep. Ann., 237), debemos prescindir de ellas y resolver el caso por lo que resulta del récord.

Una apelación no es una materia de derecho, sino un privilegio estatutorio, (*City of Portland* v. *Nottingham,* 58 Oregon, 1), y aquel que ejercita el privilegio tiene el deber de hacerlo en la forma especificada por la ley y es el llamado a gestionar directamente todo aquello que pueda redundar en su propio beneficio.

Por el solo hecho de que se afirme en la solicitud de

nuevo juicio que se cometieron errores, no podemos concluir que dichos errores existieron. Es el apelante el que debe demostrar su existencia y si la transcripción no está completa, las reglas de esta corte le marcan el camino para obtener su corrección.

Habiendo en consideración todo lo expuesto, no nos creemos autorizados para investigar de oficio si se trasmitieron al jurado otras instrucciones que las presentadas por el abogado del acusado, y, en caso afirmativo, para resolver, también de oficio, que se agregue a la transcripción, en este estado del procedimiento, después de celebrada la vista del recurso, copia de dichas instrucciones para considerarlas en relación con la solicitud de nuevo juicio.

Hemos estudiado cuidadosamente los autos tales como figuran en la transcripción y no apareciendo que se haya cometido error fundamental alguno, opinamos que el recurso debe declararse sin lugar y confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.